UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT BARNES,

        Petitioner,        Case Number: 2:13-CV-10741

v.        Honorable Patrick J. Duggan

KEN ROMANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Robert Barnes ("Petitioner"), a state prisoner currently incarcerated at the Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is serving a term of imprisonment of 145 months to 20 years for delivery or manufacture of 50 to 449 grams of cocaine. Petitioner challenges his conviction based on the following claims: (1) trial counsel had an actual conflict of interest and was ineffective in failing to provide Petitioner an opportunity to review the presentencing report until the day of sentencing and failing to seek a psychiatric evaluation; and (2) appellate counsel was ineffective. Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons

stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion. The Court also declines to issue Petitioner a certificate of appealability and denies him leave to proceed on appeal in forma pauperis.

## I. BACKGROUND

Petitioner pleaded guilty to delivery or manufacture of 50 to 449 grams of cocaine in the Circuit Court for Kent County, Michigan. On March 24, 2008, the trial court sentenced him to 145 months to 20 years in prison.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. He raised these claims: (i) trial counsel was ineffective because he labored under an actual conflict of interest, denied Petitioner an opportunity to review the presentencing report, and failed to seek a psychiatric evaluation; and (ii) appellate counsel was ineffective. The Michigan Court of Appeals denied leave to appeal. *People v. Barnes*, No. 287616 (Mich. Ct. App. Oct. 14, 2008). On April 28, 2009, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Barnes*, 483 Mich. 978, 764 N.W.2d 239 (2009) (unpublished).

On April 14, 2010, Petitioner filed a motion for relief from judgment in the trial court, raising the same ineffective assistance of counsel claims raised on direct review, and several additional ineffective assistance of counsel claims. The trial

court denied the motion. *People v. Barnes*, No. 07-11847-FH (Kent County Cir. Ct. May 24, 2010). He was denied relief in the Michigan Court of Appeals on May 27, 2011, and his application for leave to appeal in the Michigan Supreme Court was denied on December 28, 2011. *People v. Barnes*, 490 Mich. 969, 806 N.W.2d 513 (2011) (unpublished).

Petitioner signed and dated the present habeas corpus petition on December 1, 2012. It was received and filed in this Court only on February 21, 2013. For the purpose of assessing its timeliness, the Court will assume it was filed on the earlier date. On September 6, 2013, Respondent filed a motion for summary judgment on the ground that the petition was not timely filed.

## II. DISCUSSION

Respondent argues that Petitioner's application for the writ of habeas corpus is barred by the applicable one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in relevant part that a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year

limitations period begins to run at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). A properly filed application for state post-conviction relief tolls the limitations period; however, it does not re-start the clock. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction to the Michigan Court of Appeals and then the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on April 28, 2009. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on July 27, 2009, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on July 28, 2009, and continued to run until Petitioner filed a motion for relief from judgment on April 14, 2010. That motion, a properly filed motion for state-court

4

collateral review, tolled the limitations period with 104 days remaining. *See* 28 U.S.C. § 2244(d)(2). The limitations period resumed running on December 29, 2011, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period continued running until it expired on April 11, 2012. The petition was filed on December 1, 2012, over seven months after the limitations period expired.

Petitioner argues that his petition is timely because it was filed within one year and 90 days after the Michigan Supreme Court denied his application for leave to appeal the trial court's denial of his motion for relief from judgment. Petitioner misapprehends how the filing of a motion for state-court collateral review impacts the statute of limitations. Petitioner's conviction became "final" for the purpose of calculating the AEDPA's statute of limitations when direct review was completed on July 27, 2009. Petitioner's filing of a motion for relief from judgment tolled, but did not restart, the limitations period. Tolling "can only serve to pause a clock that has not yet fully run"; it does not "revive the limitations period" or "restart the clock at zero." *Vroman,* 346 F.3d at 602 (internal quotation marks omitted).

Petitioner has not set forth any facts to warrant equitable tolling of the limitations period. The Court therefore is dismissing the petition as untimely.

5

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000) . "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*  In such a circumstance, no appeal is warranted. *Id.*

The Court declines to issue Petitioner a certificate of appealability because

reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one-year limitations period. Nor should Petitioner be granted an application for leave to proceed on appeal in forma pauperis. See Fed. R.App. P. 24(a).

Accordingly,

**IT IS ORDERED**, that Respondent's Motion for Summary Judgment [ECF No. 9] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

**IT IS FURTHER ORDERED**, that the Court declines to issue Petitioner a certificate of appealability and denies him an application for leave to appeal in forma pauperis.

Dated:December 17, 2013         s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Robert Barnes, #241491
Handlon Correctional Facility
1728 Bluewater Highway
Ionia, MI 48846

AAG John S. Pallas